## PennDOT v. Bacon

*Marc Werlinsky,* for Commonwealth.
*David H. Lipow,* for defendant.

TERESHKO, *J.,* August 5, 2008—Appellant Penn-DOT appeals from the orders dated March 28, 2008, wherein this court granted Richard Bacon Jr.'s (Father appellee) motion for supersedeas and motion for appeal nunc pro tunc.

By way of background, this matter arises as a result of a January 6, 1990 traffic citation for violation of 75 Pa.C.S. §3746 of the Motor Vehicle Code for leaving the scene of an accident. (Father appellee's petition to appeal suspension of operating privileges nunc pro tunc, ¶6.) The citation number is: Z0006362. It is noteworthy to mention that appellee's son, Richard Bacon III (Son) was the individual that committed this violation and not Father appellee. (Affidavit of Son, exhibit B, Father appellee's petition to appeal suspension of operating privileges nunc pro tunc.) Son was found guilty of the citation on April 20, 1994. (Father appellee's petition to appeal suspension of operating privileges nunc pro tunc, exhibit D.) The traffic citation was appealed but the filing party failed to appear and the appeal was dismissed. (Father appellee's petition to appeal suspension of operating privileges nunc pro tunc, ¶1.) Father appellee verifies that he did not appeal the traffic citation because he did not know of the citation until receiving a notice of suspension from PennDOT dated May 9, 2007. (Father appellee's petition to appeal suspension of operating privileges nunc pro tunc, exhibit A.)

Due to PennDOT's error caused by Father appellee and Son having almost identical names, PennDOT at-

tempted to penalize Father appellee, instead of Son, by notifying Father appellee on May 9, 2007 that PennDOT was going to suspend his operating privileges for failure to pay the fines and costs of the citation. (Father appellee's petition to appeal suspension of operating privileges nunc pro tunc, exhibit A.) The suspension was to go into effect May 30, 2007. *(Id.)*

On May 22, 2007, Father appellee filed his initial statutory appeal and motion for supersedeas from the administrative finding of PennDOT dated May 9, 2007 (May term 2007 no. 2157, hereinafter May 2007 appeal.) (See docket.) In his appeal, Father appellee states that he was not involved in the accident of January 6, 1990 and he did not receive a citation for leaving the scene of an accident, rather the operator was his son who received the citation. (Motion for supersedeas, ¶¶1-4.) Because Father appellee filed his notice of appeal, the suspension of his driving privileges were stayed until the appeal was heard.

On October 5, 2007, Father appellee requested to have this court withdraw his appeal and impose a later effective date of his suspension, which would allow Father appellee sufficient time to enter into a payment plan with Philadelphia Traffic Court to pay the citation and avoid suspension of his driving privileges. (Nunc pro tunc appeal, ¶4 *infra.*) Pursuant to Father appellee's request, this court entered an order on October 5, 2007 withdrawing his appeal and imposing a suspension date effective March 5, 2008. (See order, exhibit A.)

On February 28, 2008, Father appellee instituted a new statutory appeal by filing a nunc pro tunc motion for ap-

peal of suspension of license, along with a motion for supersedeas. (February term 2008 no. 3889.) (See docket.) PennDOT responded to both motions. *Id.* By orders dated March 28, 2008 this court granted Father appellee's motion for supersedeas and motion for appeal nunc pro tunc. This court ordered, in granting Father appellee's nunc pro tunc motion to appeal, specifically stated that "a hearing on said appeal shall be listed within 30 days." However, PennDOT appealed these orders stating "The above order has been reduced to judgment as evidenced by the attached docket entry." (PennDOT notice of appeal, April 4, 2008.) PennDOT also filed a 1925(b) statement alleging errors in granting the supersedeas and motion for appeal nunc pro tunc. (PennDOT 1925(b) statement of matters.) PennDOT's appeal resulted in the case being marked "deferred" on the docket and prevented this court from conducting a hearing to decide whether Father appellee's license should be suspended for the underlying violation.

According to this court, PennDOT's appeal is interlocutory because it did not appeal a final order, the appeal does not fall within any exceptions where an interlocutory order may be taken as of right and this court has not granted PennDOT permission to appeal the interlocutory order.

Pa.R.A.P. 341 defines final orders as:

"(a) General rule. Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

"(b) Definition of final order. A final order is any order that:

"(1) disposes of all claims and of all parties; or

"(2) is expressly defined as a final order by statute; or

"(3) is entered as a final order pursuant to subdivision (c) of this rule.

"(c) Determination of finality. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more, but fewer than all of the claims and parties, only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order . . . ."

Pa.R.A.P. 311 lists exceptions to Pa.R.A.P. 341, where an appeal may be taken as of right without reference to Pa.R.A.P. 341. This court's granting supersedeas and nunc pro tunc relief to appellee from notice of suspension of his operating privileges does not fall within any of the exceptions listed under Rule 311, which would allow PennDOT to be heard on these interlocutory issues.

The orders of March 28, 2008 only allow Father appellee an opportunity to have a hearing on the merits to

determine whether his operating privileges should be suspended. If appellee fails in his appeal he will be subject to suspension of his operating privileges, which will moot the need for a PennDOT appeal on these interlocutory issues.

Therefore, this court respectfully requests that the Commonwealth Court quash the appeal in the above-captioned matter and remand to the trial court to allow for a hearing on the merits.